# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANTHONY MILLS, )
         Plaintiff, ) No. 14 C 9307
)
v. ) Magistrate Judge M. David Weisman
)
CAROLYN W. COLVIN, Acting )
Commissioner of the U.S. Social )
Security Administration,[1] )
)
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Mills appeals defendant's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings.

## Background

Plaintiff filed an application for benefits on September 17, 2008, alleging a disability onset date of June 8, 2008, due to kidney problems, hypertension, and congestive heart failure. (R. 175-77, 193.) His application was denied initially on October 27, 2008, and again on reconsideration on June 2, 2009. (R. 95-96.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 23, 2010. (R. 44-92, 111-13.) On November 18, 2010, the ALJ issued a decision denying plaintiff's application. (R. 29-39.) The Appeals Council denied review (R. 1-3, 23-25), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

Plaintiff appealed to this Court, which remanded the action for further proceedings on August 14, 2013. *Mills v. Colvin*, 959 F. Supp. 2d 1079 (N.D. Ill. 2013); (R. 938-66.)

On July 28, 2014, a second administrative hearing was held before an ALJ. (R. 832-74.) On September 5, 2014, the ALJ again denied Mills' benefits claim. (R. 813-26.) This suit followed.

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her

past relevant work; and (5) if not, whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 17, 2008, the application date. (R. 818.) At step two, the ALJ found that plaintiff had the severe impairments of congestive heart failure and hypertension. (*Id.*) At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff had no past relevant work but had the residual functional capacity ("RFC") to perform light work with additional restrictions. (R. 819, 824.) At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff could perform, and thus he was not disabled. (R. 825-26.)

Plaintiff asserts that the ALJ improperly weighed the opinion of Dr. Naveed Mallick, plaintiff's treating physician. Dr. Mallick diagnosed plaintiff with New York Heart Association Class II heart failure (R. 810), the symptoms of which are described as: "Slight limitation of physical activity. Comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea (shortness of breath)." *See* Am. Heart Ass'n, Classes of Heart Failure, *available at*, http://www.heart.org/HEARTORG/Conditions/HeartFailure/AboutHeartFailure/Classes-of-Heart-Failure_UCM_306328_Article.jsp#.V9lyBE1TFv4 (last visited Sept. 14, 2016).

He said that plaintiff: (1) could sit, stand, or walk less than two hours of an eight-hour workday; (2) would need to shift positions at will; (3) would need to take an unscheduled break every hour; (4) would need to elevate his legs to waist level about fifteen percent of an eight-hour workday; and (5) could occasionally lift and carry up to a maximum of ten pounds. (R. 811-12.)

An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require [him] to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion," in assessing the opinion. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

The ALJ gave "slight weight" to Dr. Mallick's opinion because it was "too accommodating" and was not supported by objective evidence. (R. 823-24.) The ALJ reached this conclusion, however, without addressing the regulatory factors applicable to medical opinion evidence; that is, without considering that Dr. Mallick was plaintiff's treating physician, that he treated plaintiff from January of 2009 through June 2012 (R. 793-99, 801-802, 805-06, 809-12, 1141-47, 1150-51), that he examined plaintiff numerous times during that period (*id.*), and that his opinion is corroborated by a January 2009 echocardiogram of plaintiff's heart. (R. 705 (stating that plaintiff has a left ventricle ejection fraction of thirty seven percent); *see* http://my.clevelandclinic.org/services/heart/disorders/heart-failure-what-is/ejectionfraction (last visited Sept. 13, 2016) (stating that "a normal [left ventricle ejection fraction] ranges from 55-70%" and "[a]n [ejection fraction] of less than 40% may confirm a diagnosis of heart failure").

4

Because the ALJ did not evaluate Dr. Mallick's opinion in accordance with the regulations, and his rejection of that opinion impacted the outcome of the disability determination, the case must be remanded for a new determination. *See* 20 C.F.R. § 404.1527(c) (stating that an ALJ "will evaluate every medical opinion" according to the regulatory factors).

Plaintiff also argues that the ALJ erred by failing to identify the evidentiary basis for his RFC assessment. In making an RFC determination, "the ALJ must decide which treating and examining doctors' opinions should receive weight, determine how much weight should be given to each opinion, and explain the reasons for that finding." *Burke v. Colvin*, No. 11 C 50001, 2013 WL 5288155, at *10 (N.D. Ill. Sept. 17, 2013). Moreover, the ALJ's RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

> The ALJ concluded that plaintiff had the RFC:
>
> [T]o lift and carry 20 pounds occasionally and 10 pounds frequently[,] [to] be on his feet standing/walking about 4 hours in an 8-hour workday and sit about 6 hours, with normal rest periods. . . . [, but cannot] work at heights, climb ladders, or frequently negotiate stairs. . . . [, can] occasionally stoop, crouch, kneel, or crawl[,] . . . . should avoid concentrated exposure to fumes, dusts, odors, gases, or poorly ventilated areas or extremes of temperatures. . . . [, and] should avoid operation of moving or dangerous machinery. . . . [,] and would be unsuited for work impacted by fast-paced production quotas.

(R. 819.) The ALJ then summarized the medical evidence, but did not specifically identify the evidence that supports each of these limitations. (*See* R. 819-24.) Absent that information, the Court cannot determine whether the RFC is supported by substantial evidence. *See Briscoe ex. rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) ("In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

The Court also agrees with plaintiff that the ALJ's credibility determination is flawed. The ALJ said, for example, that plaintiff's "infrequent[] . . . treatment" and "medication non-compliance" are "inconsistent with his allegations of disabling impairments." (R. 822.) However, an ALJ can draw an adverse inference from such facts only after "considering possible reasons [plaintiff] may not [have] compl[ied] with treatment or [sought] treatment consistent with the degree of his . . . complaints," SSR 16-3p, 2016 WL 1119029, at *8 (Mar. 16, 2016),[2] something the ALJ did not do. Given that lapse, the ALJ's credibility determination cannot be sustained.

**Conclusion**

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [28], reverses the Commissioner's decision and remands this case to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**              **ENTERED: September 27, 2016**

_M. David Weisman_

**M. David Weisman**
**United States Magistrate Judge**

---

[2] SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) superseded SSR 96-7p, the regulation that governed credibility evaluations when this case was decided. Both regulations, however, require this inquiry. *See id.*, at *8; SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996).